UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ELBA ALVAREZ, *for* J.A., :
: CASE NO. 1:09-CV-00839
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 18, 19, 20]
MICHAEL J. ASTRUE*,* :
Commissioner of Social Security, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this social security disability benefits case, Plaintiff Elba Alvarez, on behalf of her son, J.A., seeks judicial review of the Administrative Law Judge's ("ALJ") determination that J.A. is not disabled. [Doc. 1.]

For the reasons articulated herein, the Court **VACATES** the decision of the ALJ and **REMANDS** for further consideration. Although the Court agrees with the outcome of the Magistrate Judge's Report and Recommendation ("R&R"), the Court declines to adopt the R&R in its entirety.

**I. Background**

*A. Administrative Review*

On August 15, 2005, Plaintiff Alvarez filed an application for supplemental security income on behalf of her son. [Tr. at 18.] Alvarez claimed her nine-year-old son suffers from ADHD,

-1-

Case No. 1:09-CV-00839
Gwin, J.

depression, sleep problems, and other disabilities. [*Id.*] The claim was initially denied on April 4, 2006, and again upon reconsideration on July 24, 2006. [*Id.*]

Plaintiff timely filed a request for an administrative hearing and a hearing was held on June 4, 2008. [*Id.*] Both Plaintiff Alvarez and J.A. appeared and testified, without counsel. [*Id.*] The ALJ denied Plaintiff's application for supplemental security income, finding that J.A. is not disabled under Section 1614(a)(3)(C) of the Social Security Act. [Tr. at 27.] On February 13, 2009, the Social Security Appeals Council denied Plaintiff's request for review, and the ALJ's decision became Defendant's final decision. [Doc. 1 at 2.]

*B. Judicial Review and the Magistrate Judge's Report and Recommendation*

Having exhausted her administrative remedies, Plaintiff Alvarez sought judicial review in this Court under 42 U.S.C. § 1383(c). [*Id.*] Although previously unrepresentated at the administrative proceedings, Plaintiff hired counsel for her judicial review in this Court. [Doc. 20 at 1.] Pursuant to Local Rule 72.2(b), this matter was referred to Magistrate Judge David S. Perelman for preparation of a Report and Recommendation.

In his R&R, the Magistrate Judge recommends that the ALJ's decision be reversed and the case remanded for further proceedings pursuant to 42 U.S.C. § 405(g). [Doc. 18.] The Magistrate Judge recommends reversal and remand because "there are gaps in this record which must be filled in for a full and proper record to exist upon which a properly informed initial decision may be entered by an ALJ." [*Id.* at 5.]

The Magistrate Judge found the record incomplete regarding J.A.'s missing counseling records from the Murtis H. Taylor Multi-Service Center, a public health facility. After Plaintiff Alvarez testified that J.A. has been seeing a counselor and therapist at the Murtis Taylor Center for

Case No. 1:09-CV-00839
Gwin, J.

the past two years, the ALJ said "we'll get records from them so I can see what they've been saying and what they have been doing with him." [*Id.* at 2.] A summary of the counseling records was already in evidence, but the ALJ wanted to review the "running records to see what's going on." [*Id*.]

The Magistrate Judge also found the record should include the multi-factor evaluation of J.A. after J.A. started struggling in the classroom. This special evaluation was scheduled for June 11, 2008 at University Hospitals Case Medical Center, one week after the June 4 administrative hearing. Alvarez testified that she had previously scheduled this special evaluation of J.A., but the ALJ said "I'm not waiting for anymore. . . . But if you get anything else that you want me to consider in the next couple of weeks like [by June 11, which] is not that far off. If you get a report from them, fine. Sent it to my office and I'll take–" [*Id.* at 3-4.]

Finally, the Magistrate Judge chides Plaintiff's counsel for not submitting "any additional evidence from J.A.'s teachers, or from a treating or examining mental health professional as the basis for remand[,]" and for performing "well below the standards this Court expects of any attorney, let alone one with the experience and expertise this counsel has . . . ." [*Id.* at 5.]

Against this reputed backdrop, the Magistrate Judge recommends reversal of the ALJ's decision because of the ALJ's failure to obtain "the original records [from] the Murtis Taylor Center as well as his refusal to hold off entering his decision for the limited period of time necessary for the plaintiff to obtain and submit results of the multi-factor evaluation violated his duty to develop a full and fair record" under *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). [Doc. 18 at 5.] Essentially, the Magistrate says Plaintiff's counsel's deficient performance, coupled with the ALJ's failure to develop the record, "should not operate to deprive

-3-

Case No. 1:09-CV-00839
Gwin, J.

the plaintiff of the opportunity to obtain benefits to which her child may be entitled." [*Id*.]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties object. 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

A final decision of the Social Security Commissioner made by an Administrative Law Judge is, however, not reviewed *de novo*. Rather, a district court is limited to examining the entire administrative record to determine whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. *See id*. In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor should a district court focus, or base its decision, on a single piece of evidence. Instead, a court must consider the record taken as a whole. *See Allen v. Califano*, 613 F.2d 139, 147 (6th Cir. 1980). The district court may, however, look into any evidence in the record, regardless of whether it has been cited by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

If there is conflicting evidence, a district court should defer to the ALJ's findings of fact. The

Case No. 1:09-CV-00839
Gwin, J.

Sixth Circuit instructs that "[t]he substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (citation omitted). Accordingly, a district court may not reverse, even if it would arrive at a different conclusion than the ALJ, if the ALJ's decision is supported by substantial evidence. *Siterlet v. Sec. of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987).

### III. Analysis

Both parties object to the Magistrate Judge's Report and Recommendation. The Defendant first objects that the ALJ did, in fact, receive and consider the June 11, 2008 University Hospitals Case Medical Center special, multi-factor evaluation of J.A. [Doc. 19 at 1.] Second, Defendant argues that although the ALJ failed to obtain J.A.'s Murtis Taylor Center running records, the records would not have affected the ALJ's decision. [Doc. 19 at 2-3.] Regarding this argument, Defendant says the ALJ fulfilled his duty to develop the record and substantial evidence supports the ALJ's decision.

Defendant's first objection–that the ALJ did, in fact, consider the June 11, 2008 evaluation–is well taken. The record shows that the ALJ expressly considered the special June 11 evaluation conducted by Dr. Bothe at University Hospitals Case Medical Center, [Tr. at 21], even though the ALJ indicated he would not wait. The ALJ referenced the June 11 evaluation in determining that J.A. does not suffer from a statutorily-defined disability:

> Dr. Bothe diagnosed ADHD, learning problems, adjustment disorder with anxiety and depression, sleep problems and sensory integration problems. [J.A.] was continued on Adderall, which was helping per Dr. Bothe. Although Dr. Bothe noted claimant was having significant difficulty in learning in school, his grades show otherwise, although he has some F's. Regarding the adjustment disorder, claimant

Case No. 1:09-CV-00839
Gwin, J.

> said he liked working with his therapist. Also, medication helps his sleeping. This report does not establish disability.

[Tr. at 21.] Accordingly, this Court rejects the R&R to the extent it incorrectly claims that the ALJ did not consider the June 11 evaluation.

However, Defendant's second objection–that the missing Murtis Taylor Center running records, if considered, would not have affected the ALJ's decision–must fail. It is well-accepted that the ALJ has an affirmative duty to develop the record due to the non-adversarial nature of Social Security administrative proceedings. *See Heckler v. Campbell*, 461 U.S. 458, 470 (1983) (the ALJ's "basic obligation" is "to develop a full and fair record") (Brennan, J., concurring). This duty is especially important when the claimant is unrepresented before the ALJ. *See Lashley*, 708 F.2d 1048, 1051-52 (6th Cir.1983) (court should scrutinize the record with care where the claimant appears before the ALJ *pro se*).

An ALJ fails to develop the record, for example, by not asking probing questions, *see Goodwin v. Astrue*, 2010 WL 1610942, at *7 (S.D. Ohio, Mar. 25, 2010), not asking the right questions, *see Kelly v. Comm'r of Soc. Sec.*, 2008 WL 2950106, at *6 (E.D. Mich., July 31, 2008), precluding a possible conflict from being known, *see Mejias v. Comm'r of Soc. Sec.*, 2009 WL 700998, at *4 (N.D. Ohio Mar. 16, 2009), or failing to resolve an inconsistency in the record, *see Stine v. Comm'r of Soc. Sec*, 2008 WL 1837357, at *4 (E.D. Mich., Apr. 23, 2008).

In this case, at the administrative hearing, the ALJ expressly told the *pro se* Plaintiff he wanted to review J.A.'s two-year-long Murtis Taylor Center running records. Indeed, the ALJ acknowledged the advantage of running records over the summary already in evidence:

> ALJ: When we get done, I'm going to have you sign a release and we'll get records from them so I can see what they've been saying and what they have been doing with [J.A.]

Case No. 1:09-CV-00839
Gwin, J.

> Plaintiff: Yeah. I think in one of those papers I gave you --
>
> ALJ: Yeah. They gave me a summary, but I don't want a summary.
>
> Plaintiff: Yeah. Okay.
>
> ALJ: I want their -- I want their running records to see what's going on.
>
> . . .
>
> ALJ: I always look -- I want -- rather than summaries, I want the whole stor[y]. . . .

[Tr. 280-81.] After reviewing the hearing transcript and the record, the Court finds that the ALJ failed to fully develop the record. The Court, therefore, adopts this portion of the R&R.

Even when an ALJ fails to develop the record, however, courts need not remand if the error was harmless–that is, if substantial evidence already in the record supports the ALJ's decision. *See Hall v. Comm'r of Soc. Sec.*, 148 F.App'x. 456, 461-62 (6th Cir. 2005). *But see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 750 (6th Cir. 2007) (refusing to invoke harmless error exception where the ALJ entirely failed to address the primary treating physician's opinion fearing "the exception swallow up the rule.").

Defendant, relying on *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986), says substantial evidence supports the ALJ's findings and "nothing suggests that the missing [running] records would change the ALJ's decision." [Doc. 19 at 2.] *See Duncan*, 801 F.2d at 856 ("Duncan has not suggested, and we are unable to determine, what possible further information could have been brought forth at the hearing which would have enhanced a determination of disability."). But here, unlike in *Duncan*, the ALJ has already suggested to the Court what records could enhance a determination of disability: "I want -- rather than summaries, I want the whole

-7-

Case No. 1:09-CV-00839
Gwin, J.

stor[y]." On remand, the ALJ will have the opportunity to review J.A.'s whole story before making a decision. This Court, therefore, overrules Defendant's second objection.

### IV. Conclusion

Under 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." Remand is appropriate if the ALJ failed to consider certain evidence. *See Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994). In this case, a remand will allow the ALJ to consider the two-year long Murtis H. Taylor Multi-Service Center running records.

Accordingly, for the reasons set forth above, the Court **VACATES** the decision of the ALJ and **REMANDS** for further consideration consistent with this Opinion. The Court declines, however, to adopt the Magistrate Judge's Report and Recommendation in its entirety.

IT IS SO ORDERED.


Dated: August 25, 2010                         *s/    James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

-8-